IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DENISE S. YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-4447 |
| | § | |
| LOANCARE, LLC and NEWREZ LLC | § | |
| d/b/a SHELLPOINT MORTGAGE | § | |
| SERVICING, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Denise S. Young, representing herself, filed this lawsuit in 2023 to stop the foreclosure of her home in Sugarland, Texas based on failure to comply with the requirements of her mortgage loan. After nearly two years of litigation, she has failed to submit or point to evidence supporting her claims or raising a factual dispute that could preclude summary judgment. The defendants' motion for summary judgment, (Docket Entry Nos. 23, 24), is granted. Ms. Young's motion for a temporary restraining order, (Docket Entry No. 27), is denied.

Ms. Young's ten causes of action rely on unsubstantiated claims that the defendants do not possess a clear and unbroken chain of title to the note and deed of trust, failed to send her the documentation and responses required under federal statute, and did not properly and timely notify her of the foreclosure. The defendants moved for summary judgment, thoroughly explaining why each claim fails as a matter of law and providing supporting evidence. (Docket Entry No. 24). The evidence includes the note, (Docket Entry No. 24-1 at 2–8); the full and recorded chain of assignments, (Docket Entry Nos. 24-3, 24-4, 24-5, 24-6); the default and acceleration notices sent to Ms. Young, (Docket Entry No. 24-1 at 27–34); and proof that Ms. Young is still in default, (Docket Entry No. 24-1 at 4, ¶ 11).

Ms. Young responded with more than 800 pages of documents, asserting vaguely—but repeatedly—that there is a material factual dispute somewhere. (Docket Entry No. 25). The documents include truncated excerpts of legal opinions, lengthy reproductions of statutes, and explanations of legal concepts like "standing" and "capacity to sue." *See, e.g.* (Docket Entry No. 25-2 at 29–63). Ms. Young does not explain what evidence in those documents is relevant, or how it precludes summary judgment. Summary judgment for the defendants is warranted on that basis alone. *See Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (to overcome summary judgment, a nonmovant "must identify specific evidence in the record and articulate the precise manner in which that evidence supports [her] claim" (alteration adopted, quotation marks and quoting reference omitted); *cf. Albrechtsen v. Bd. of Regents of Univ. of Wisconsin Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) ("Judges are not like pigs, hunting for truffles buried in the record." (quotation marks and quoting reference omitted)).

The court will briefly address some of the other reasons that Ms. Young's claims fail as a matter of law. The defendants have produced unrebutted evidence that LoanCare sent Ms. Young notice of her default, the intent to accelerate, and how she could reinstate the loan, by regular and certified mail on September 11, 2019. (Docket Entry No. 24-1 at 27–34). "Service of notice is complete when the notice is sent via certified mail." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) (citing TEX. PROP. CODE § 51.002(e)). "There is no requirement that [Ms. Young] receive the notice." *See id.* Ms. Young has not raised a factual dispute as to whether the defendants properly and timely notified her of her default and the foreclosure sale.

Ms. Young invokes "two common theories on which mortgagees in wrongful-foreclosure cases in Texas and elsewhere often attempt to rely": "the 'show-me-the-note' theory" and "the 'split-the-note' theory." *See id.* at 253. Neither is persuasive. The "show-me-the-note" argument

2

rests on Ms. Young's assertion that she "disputes whether [the] [d]efendants are in possession of the true, wet-ink original note." *See* (Docket Entry No. 25 at 7). Courts applying Texas law have rejected this argument. Texas law "recognizes assignment of mortgages through [the Mortgage Electronic Registration System] and its equivalents as valid and enforceable without production of the original, signed note." *Martins*, 722 F.3d at 253. The defendants have established the existence of the note by submitting a sworn declaration attaching "a true and correct copy" of the original note. *See* (Docket Entry No. 24-1 at 2–8); *Martins*, 722 F.3d at 253.

The "split-the-note" theory fares no better. Ms. Young asserts that four of her exhibits—totaling 516 pages—raise "the possibility that the note and deed of trust were separated during securitization." (Docket Entry No. 25 at 3) (citing Docket Entry Nos. 25-1, 25-2, 25-5, 25-6). "Texas courts have 'rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations.'" *Martins*, 722 F.2d at 255 (quotation marks and quoting reference omitted). "The 'split-the-note' theory is therefore inapplicable under Texas law where"—as here—"the foreclosing party is a mortgage servicer and the mortgage has been properly assigned." *Id.*; *see* (Docket Entry No. 24-6) (the assignment of the deed of trust to NewRez LLC d/b/a Shellpoint Mortgage Servicing).

Ms. Young's challenges to the validity of the chain of title are pure conjecture. She again points to 516 pages of exhibits that she says "reveal gaps [or] missing or improperly executed assignments." (Docket Entry No. 25 at 3) (citing Docket Entry Nos. 25-1, 25-2, 25-5, 25-6). She does not say which assignment is missing or invalid, or which transaction was defective. Her evidence of "robo-signing and surrogate signing" is immaterial because "Texas recognizes typed or stamped signatures—and presumably also scanned signatures—so long as they are rendered by

3

or at the direction of the signer." *See Reinagel v. Deutsche Bank Nat'l Tr. Co.*, 735 F.3d 220, 227 (5th Cir. 2013). There is no evidence raising a factual dispute as to whether the signatures were unauthorized. Even if there were, the defendants are subsequent purchasers for value whose reliance on the signatures is protected by Texas's recording statute. *See id.* at 227 & n.25 (citing TEX. PROP. CODE §§ 13.001(a), 51.0001(4)). Ms. Young has not presented evidence of any defect in the chain of title, much less fraud.

Ms. Young's Truth-in-Lending Act claim fails for multiple reasons. The statutory provision she relies on does not apply to residential mortgage transactions like hers. *See* (Docket Entry No. 14 at ¶¶ 73–74) (citing 15 U.S.C. § 1635(f) as the basis for the Truth-in-Lending Act claim); 15 U.S.C. § 1635(e)(1) ("This section does not apply to . . . a residential mortgage transaction."). Even if it did, more than three years have passed since the mortgage was executed, meaning that Ms. Young's claims are time barred. *See* (Docket Entry No. 14 at ¶ 11) (the mortgage was executed on October 1, 2015); 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."). The record also contains evidence that the original creditor provided the required disclosures to Ms. Young in 2015. (Docket Entry No. 24-1 at 9–14) (Truth-in-Lending disclosure statements with Ms. Young's signature acknowledging receipt).

Ms. Young also cites the Real Estate Settlement Procedures Act, but the law is clear that her claim is not covered by that Act. She claims that the defendants "fail[ed] to provide good-faith estimates of the loan's costs." (Docket Entry No. 14 at ¶ 57). But the statute "does not create a private cause of action for failure to provide an accurate good faith estimate." *Smith v. First Choice Servs. Inc.*, No. 4:20-cv-321, 2020 WL 5759967, at *4 (N.D. Tex. Sep. 28, 2020). The other statutory provision that she cites as the basis for her Real Estate Settlement Procedures Act claim,

15 U.S.C. § 1692g, is part of the Fair Debt Collection Practices Act. *See* (Docket Entry No. 14 at ¶ 58). Ms. Young has not asserted a Fair Debt Collection Practices Act claim.

Ms. Young's wrongful foreclosure claim fails because no foreclosure has occurred. *See Foster v. Deutsche Bank Tr. Co.*, 848 F.3d 403, 406–07 (5th Cir. 2017) (per curiam); *see also* (Docket Entry No. 24-1 at 4, ¶ 11) (Shellpoint rescinded the foreclosure sale after Ms. Young filed this lawsuit). Her claim of "predatory lending practices" does not exist under Texas law. *See Belanger v. BAC Home Loans Servicing, L.P.*, 839 F. Supp. 2d 873, 876 (W.D. Tex. 2011) ("No Texas court has recognized an independent cause of action for 'predatory lending.'").

Because the defendants have shown that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law, the court grants the defendants' summary judgment motion, (Docket Entry Nos. 23, 24). The motion for a temporary restraining order, (Docket Entry No. 27), is denied. This case is dismissed, with prejudice.

SIGNED on August 1, 2025, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge